BRIGHT, Circuit Judge,
dissenting.
I dissent. Given the terrible advice, misleading and false information, and obvious misconduct by licensed attorneys representing petitioner Ms. Pafe, Ms. Pafe should be given another opportunity to reopen her proceedings to permit her to seek asylum in this country.
As noted by the majority, the petitioner in Holland v. Florida, 560 U.S.-, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), took action much more quickly than did Ms. Pafe. However, the incompetence of counsel representing Holland, although it occurred in a criminal context, was much the same as that experienced by Ms. Pafe.
The factual underpinning and reasoning leading the Supreme Court in Holland to rule that equitable tolling might lie for petitioner Holland is sound and proper precedent for this court to remand Ms. Pafe’s claim for additional consideration by the IJ. In Holland, counsel ignored the petitioner’s repeated requests for information regarding the status of his case, misadvised the petitioner regarding the applicable law relevant to tolling of the limitations period, and ignored the petitioner’s numerous requests to file a timely § 2254 petition.
Ms. Pafe received similar treatment from her attorneys. Bokwe Mofor, Ms. Pafe’s first attorney, gave her inaccurate advice that she did not have to attend the hearing on the removal petition; falsely advised Ms. Pafe that he had filed a motion to reopen; and was generally evasive and not responsive to her various requests regarding the status of her case, repeatedly advising her to be patient.
Six months after Ms. Pafe asked Mofor to file a motion to reopen, she followed up with Mofor, inquiring about the status of her case. Mofor advised her to be patient. Ms. Pafe nevertheless continued to make efforts to contact Mofor. Upon learning Mofor was moving out of the country, Ms. Pafe immediately secured new counsel.
Robert Oswald, Ms. Pafe’s second attorney, agreed to file a motion to reopen, but never did, despite having been paid a substantial sum of money to do so. In response to Ms. Pafe’s repeated attempts to contact Oswald over the next two years, his staff assured Ms. Pafe that her case was proceeding and that they were waiting for a response to a FOIA request.[2]
This new counsel, Oswald, and his staff led Ms. Pafe to believe that her case was proceeding properly. Nothing in the record put Ms. Pafe on notice that her attorneys, or their representatives, were lying to her and that she should have acted *971 sooner than she did. See, e.g., Borges v. Gonzales, 402 F.3d 398 (3d Cir.2005) (petitioner claimed owner of immigration service lied when she told petitioner that he would be represented by one of service’s attorneys, filed motion containing substantial errors in wrong court, provided improper legal advice, and lied that in absentia order of removal had been “taken care of’; such fraud, if proven, warrants equitable tolling); see also Rodriguez-Lariz v. INS, 282 F.3d 1218, 1224-25 (9th Cir.2002) (counsel’s “fraudulent” representation, characterized by failure to file motion by deadline and then lying and telling petitioners that motion had been filed, but was lost by IJ, misled petitioners to believe that their representatives were proceeding effectively and justified equitable tolling of time to reopen deportation proceedings).
We are aware of the lengthy time period in this case-approximately six years between initial denial and the filing by present counsel of a motion to reopen her case. This lengthy time period is important, but without evidence of lack of diligence by Ms. Pafe, it is not enough to reject her motion to reopen in light of the record as a whole.
Accordingly, I would grant the petition for review, and remand the matter to the BIA with orders that it allow the IJ to reopen Ms. Pafe’s removal hearing, and allow the parties to supplement the record on the issue of due diligence, if either or both parties wish to do so.

. Upon being retained by Ms. Pafe, Oswald requested, pursuant to the Freedom of Information Act, that U.S. Citizenship and Immigration Services forward to him a copy of Ms. Pafe’s file. Oswald gave Ms. Pafe an unsigned copy of the FOIA request.